## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

TAMMY TILLERY                                                          PLAINTIFF

v.                                    No. 1:16-cv-69-DPM

WENDY LYNNE KELLEY, in her
individual and official capacity as the
Director of the Arkansas Department of
Correction; DEXTER L PAYNE, in his
individual and official capacity as Deputy
Director of the ADC; STEPHEN D WILLIAMS,
in his individual and official capacity as Warden
of the North Central Unit of the ADC; and
BILLY W INMAN, in his individual and official
capacity as Deputy Warden of the North Central
Unit of the ADC                                                       DEFENDANTS

### ORDER

1.   Joint report, № 37, noted.   The Court waives the in-person
consultation requirement given the distance.   There has been good faith
consultation.  The parties' joint report is clear and thorough; there's no need
for a hearing.  Here are the Court's rulings on the parties' discovery disputes.

2.  The ADC defendants' initial disclosures are adequate. № 30 at 15-19.
The imminent responses to Ms. Tillery's pending discovery should provide
her sufficient information and documents.

3.  Ms. Tillery's request for an unsupervised trial preparation meeting

with her husband is overruled. An ADC guard must be present—but at a distance and out of earshot of normal conversation. Mr. Tillery is in the custody and control of the ADC.

**4.** Tillery's request to personally videotape any deposition is overruled. This must be done by a certified court reporter/videographer team or not done at all. The potential for problems and disputes with exactly what might occur in these depositions is too great to allow either party to do the videotaping. There needs to be one record of any deposition.

**5.** Tillery's request to inspect various prison premises and observe various ADC operations is denied; and the notice of entry on land is quashed. Tillery may depose ADC employees about all this, or not, and propound written discovery, as she decides is best. The trial will be about a specific issue: what motivated ADC's decision to suspend Ms. Tillery's visitation and telephone contact. The ADC's general practices are of limited relevance; they are background merely. Ms. Tillery's request to videotape a tour of various prison operations and premises raises legitimate security concerns. The expansive investigation Ms. Tillery seeks is, on balance of all the material considerations, not needed in this case. FED. R. CIV. P. 26(b)(1).

So Ordered.

D.P. Marshall Jr.
United States District Judge

14 October 2016